NO. 07-12-00281-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 19, 2012

_____

ERASMO GONZALES, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 69TH DISTRICT COURT OF DALLAM COUNTY;

NO. 3320D; HONORABLE RON ENNS, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

On May 7, 2012, the 69th District Court of Dallam County entered an order denying a motion for forensic DNA testing that had been filed by appellant, Erasmo Gonzales. On June 29, 2012, appellant filed his notice of appeal of this order. We dismiss for want of jurisdiction.

As applicable to this case,[1] a notice of appeal is due no later than thirty days after the date the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). A

_____

[1] An appeal of an order denying a motion for forensic DNA testing is subject to the same rules as an appeal of any other criminal matter. TEX. CODE CRIM. PROC. ANN. art. 64.05 (West 2006).

timely and proper notice of appeal invokes this Court's jurisdiction. State v. Riewe, 13 S.W.3d 408, 410 (Tex.Crim.App. 2000). The thirty day deadline for filing notice of appeal can be extended if, within fifteen days of the deadline, appellant files a notice of appeal with the trial court clerk and also files a motion for extension of time that complies with Rule 10.5(b) of the Texas Rules of Appellate Procedure in this Court.[2] See Tex. R. App. P. 26.3. This Court has no authority to invoke Rule 2 of the Texas Rules of Appellate Procedure to enlarge the time in which to file a notice of appeal. See Tex. R. App. P. 2; Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

Under the applicable rules, appellant's notice of appeal was due on June 6, 2012. However, appellant did not file his notice of appeal until June 29, fifty-three days after the trial court entered its appealable order.[3] Furthermore, appellant failed to file a motion for extension of time to file his notice of appeal. As such, appellant failed to invoke this Court's jurisdiction. Because this Court is without jurisdiction to address the merits of this appeal, we have no authority to take any action other than to dismiss the appeal. See Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo v. State, 918 S.W.2d 519, 523 (Tex.Crim.App. 1996).

By letter dated August 7, 2012, this Court notified appellant that it appeared that his notice of appeal was untimely filed and failed to invoke this Court's jurisdiction, and

---

[2] Unlike in civil cases, a motion for extension of time cannot be implied. Cf. Verburgt v. Dorner, 959 S.W.2d 615, 616-17 (Tex. 1997).

[3] Even though appellant erroneously filed his notice of appeal with the Clerk of this Court, the Clerk is obligated to record the date the notice was received and to forward the notice to the trial court clerk. See Tex. R. App. P. 25.2(c)(1).

2

directed him to file a response with the Court by September 5, explaining how this Court has jurisdiction over the appeal. To date, we have received no response from appellant.

As such, we now dismiss the purported appeal for want of jurisdiction.


Mackey K. Hancock
Justice


Do not publish.